IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Case No. 23 CR 46 |
| ) | |
| ANDRES GARCIA ) | |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Andres Garcia, a native of Mexico, is charged under 8 U.S.C. § 1326(a) with illegally reentering the United States after having previously been deported for being in the country without lawful immigration status. He has moved to dismiss the indictment, arguing that his due process rights were violated in connection with the deportation proceedings that form the underlying basis for the current charge. For the reasons set forth below, the Court denies Garcia's motion to dismiss.

### Background

Garcia entered the United States without inspection sometime before January 7, 1998. On that date, the government approved a Petition for Alien Relative (Form I-130) listing him as a beneficiary. Garcia then filed an Application to Register Permanent Residence or Adjust Status (Form I-485), and if the application had been approved, he would have obtained lawful permanent resident status. Unfortunately for Garcia, his application was denied in August 2000.

In November 2017, a jury convicted Garcia of using a communication facility in furtherance of a controlled substance offense in violation of 21 U.S.C. § 843(b) and

distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1).  In March 2018, the district court denied Garcia's motion for judgment of acquittal and sentenced him to two concurrent terms of forty-eight months' imprisonment.  Garcia filed a notice of appeal in April 2018.

While his appeal was pending, Garcia completed his sentence and was transferred to Immigration and Customs Enforcement (ICE) custody in October 2018.  In the Notice to Appear (NTA) it issued Garcia, ICE alleged that he (1) was not a citizen or national of the United States, (2) was a citizen and national of Mexico, (3) entered the United States at an unknown location on an unknown date, and (4) was not admitted or paroled after inspection by an immigration officer.  ICE did not list Garcia's convictions as a basis for commencing removal proceedings.

On November 14, 2018, an immigration judge conducted a removal hearing.  Garcia was in ICE custody and appeared by video for the hearing.  The immigration judge denied Garcia's application for voluntary departure and ordered him removed to Mexico.  ICE physically removed Garcia to Mexico on or around November 30, 2018.

Garcia alleges that upon being released in Mexico, he was kidnapped and held for ransom for an unspecified period of time.  He also alleges that after his family members paid the ransom amount, his kidnappers transported him back into the United States and released him in San Antonio.  His family members then brought him back to Chicago.

In March 2019, the Seventh Circuit reversed the district court's denial of Garcia's motion for judgment of acquittal and reversed his convictions for insufficient evidence.  *United States v. Garcia*, 919 F.3d 489 (7th Cir. 2019).  The district court entered a

judgment of acquittal for Garcia two months later.

In January 2023, Garcia was arrested by Chicago police and charged with illegal reentry in violation of 8 U.S.C. § 1326(a). On May 1, 2023, he moved to dismiss the indictment.

## Discussion

In relevant part, section 1326(a) makes it a crime when "any alien who . . . has been deported[ ] or removed . . . thereafter . . . enters, or attempts to enter, or is at any time found in, the United States . . . ." 8 U.S.C. § 1326(a). In this case, Garcia is challenging the underlying deportation that is the predicate for his current prosecution. Section 1326(d) says that in a prosecution under section 1326, the defendant may not challenge the validity of the underlying deportation order unless he establishes three points enumerated in section 1326(d). To prevail on his motion to dismiss the indictment, Garcia must show that his challenge satisfies all three elements of section 1326(d)—exhaustion, deprivation of judicial review, and fundamental unfairness. *Id.* § 1326(d). The Supreme Court has recently held that "[t]he requirements are connected by the conjunctive 'and,' meaning defendants must meet all three." *United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1620 (2021); *see also United States v. Calan-Montiel*, 4 F.4th 496, 498 (7th Cir. 2021) ("[*Palomar-Santiago*] holds that an alien must satisfy all three conditions. Federal courts cannot create equitable exceptions to statutes.")

Garcia argues that he has met each of the three requirements; the government contends that he has satisfied none of the three. The Court concludes that Garcia's motion must be denied because he cannot satisfy at least two of the three

3

requirements.

### a. Exhaustion

First, Garcia must show that he "exhausted any administrative remedies that may have been available to seek relief against" the previous order. 8 U.S.C. § 1326(d)(1). He contends that remedies were not available to him because (1) any motion to reopen the removal proceedings would have been futile because his criminal conviction was not reversed until March 2019, after he had already been removed, and (2) he had only about two weeks in ICE custody to file a motion to reopen before he was removed to Mexico, at which point he was immediately kidnapped and eventually transported, against his will, back into the United States.

The Seventh Circuit has held that "a motion to reopen is an 'available' administrative remedy for purposes of § 1326(d)(1)." *United States v. Hernandez-Perdomo*, 948 F.3d 807, 811 (7th Cir. 2020). Garcia argues, however, that the language "any administrative remedies *that may have been available* . . . . acknowledges that futility is a possibility in light of prohibitions against relief for those who are convicted of aggravated felonies or certain crimes of moral turpitude." Def.'s Reply at 5 (emphasis in original) (quoting 8 USC § 1326(d)(1)). In other words, Garcia asks this Court to embrace an exception to subparagraph (d)(1).

The Seventh Circuit has held, however, that there is no futility exception to the administrative exhaustion requirement in section 1326(d)(1). *See United States v. Larios-Buentello*, 807 F.3d 176, 177 (7th Cir. 2015). In *Larios-Buentello*, a defendant appealed his conviction for illegal reentry and sought relief despite his failure to exhaust administrative remedies. The defendant argued that administrative review would have

4

been futile because the case upon which his appeal was primarily predicated had not yet been decided by the Supreme Court when he was originally ordered removed.[1] *Id.* The Seventh Circuit rejected this argument, noting that "an administrative appeal was available, even if unlikely to succeed" under prior law. *Id.* The court emphasized that a change in the law could not provide a basis to waive the requirements of section 1326(d)(1) because, had the defendant pursued review, he could have been the litigant whose case prompted the Supreme Court's landmark decision. *Id.* at 178. Ultimately, the court held that even administrative remedies unlikely to succeed under prior law must be exhausted for a defense to lie under section 1326(d)(1). *Id.*

Although *Larios-Buentello* is not a perfect fit here, its reasoning defeats Garcia's contention. Specifically, the Seventh Circuit's broad reasoning rejected an implicit exception to the exhaustion requirement. *Id.* The record also indicates that the immigration judge ordered Garcia removed because of his lack of lawful immigration status and not based on his criminal convictions, meaning that the status of those convictions was essentially beside the point with regard to the actual reason for his removal. But even if that were not the case, Seventh Circuit precedent permits ICE to commence removal proceedings while the appeal of a defendant's conviction is pending. *See Montenegro v. Ashcroft*, 355 F.3d 1035, 1037-38 (7th Cir. 2004) (per curiam) (A defendant's "conviction . . . of an aggravated felony rendered him removable" even while he was challenging the conviction on appeal because the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) "treats an alien as 'convicted'

---

[1] The case was *INS v. St. Cyr*, 533 U.S. 289 (2001).

5

once a court enters a formal judgment of guilt" and "eliminated the finality requirement for a conviction[.]").[2] This Court cannot ignore *Larios-Buentello*'s and *Montenegro*'s binding authority.

Garcia then appears to argue that he only had two weeks in ICE custody to file a motion to reopen because he was ordered removed on November 14, 2018 and was physically removed on or about November 30, 2018. The Seventh Circuit has ruled that thirty-nine days in custody is sufficient time to file a motion to reopen. *United States v. Arita-Campos*, 607 F.3d 487, 492 (7th Cir. 2010). In a separate case, the court determined that it was unnecessary to decide whether nineteen days or eight days were "so brief . . . that filing a motion to reopen was not feasible" because, in that case, the defendants "may have moved to reopen at least until the time they reentered the country, including while they were in Mexico after their removals." *Hernandez-Perdomo*, 948 F.3d at 813. It is unclear how long Garcia was in Mexico before he returned to the United States, but even if administrative remedies were unavailable during that time because he was kidnapped and held for ransom, the Court need not decide whether sixteen days is sufficient time, because he cannot satisfy the other requirements of section 1326(d).

      b.     **Deprivation of judicial review**

Assuming Garcia could satisfy the administrative exhaustion requirement, he would still need to demonstrate that "the deportation proceedings at which the order

---

[2] Garcia attempts to distinguish *Montenegro* based on the posture of the case and the fact that the defendant's appeals were ultimately unsuccessful, but neither fact is material with respect to the Seventh Circuit's conclusion that the text of IIRIRA permits removal even while an appeal is pending.

was issued improperly deprived [him] of the opportunity for judicial review." 8 U.S.C. § 1326(d)(2).

Garcia appears to argue that he "did not have the basis for a *bona fide* motion to reopen until his conviction was overturned in March 2019" and thus that he was deprived of judicial review because his removal hearing occurred in November 2018. Def.'s Reply at 7. That is not the law. "'[E]very alien ordered removed' also 'has a right to file one motion' with the [immigration judge] or [Board of Immigration Appeals] to 'reopen his or her removal proceedings.'" *Reyes Mata v. Lynch*, 576 U.S. 143, 145 (2015) (internal citations omitted). That motion may be denied for various reasons, including untimeliness if it is filed after ninety days of the removal order, but "the reason the Board [gives] made no difference: Whenever the Board denies an alien's statutory motion to reopen a removal case, courts have jurisdiction to review its decision." *Id.* at 149. As a result, if Garcia had filed a motion to reopen at any time after he was ordered removed but before he returned to the United States, a federal court would have had jurisdiction to review the Board's denial of the motion.

Garcia also argues that he did not voluntarily waive his appeal at his removal hearing because he was in custody and appeared by video and was unable to seek counsel or ask questions about his rights. He cites to no evidence in the record to support these assertions, however, and "it is the defendant's burden if he wishes to collaterally attack an underlying deportation order." *Arita-Campos*, 607 F.3d at 490–91. Furthermore, even if Garcia could support his arguments, the Seventh Circuit has noted that "[n]o court has ever held that Congress has violated the due process clause by authorizing removal hearings to proceed via video conference," *Rapheal v. Mukasey*,

7

533 F.3d 521, 531 (7th Cir. 2008), and "[a]liens do not have a right to counsel under the Sixth Amendment." *Toure v. Holder*, 624 F.3d 422, 430 (7th Cir. 2012).

Consequently, Garcia has failed to prove that he was deprived of judicial review.

### c. Fundamental unfairness

Finally, under the third section 1326(d) requirement, Garcia must show that the underlying removal order was "fundamentally unfair." *See* 8 U.S.C. § 1326(d)(3). "To establish fundamental unfairness, a defendant must show both that his due process rights were violated and that he suffered prejudice from the deportation proceedings." *Arita-Campos*, 607 F.3d at 493. "To satisfy both prongs of this analysis, an alien must demonstrate that he or she was entitled to *non-discretionary relief* from removal. [The Seventh Circuit has] held that aliens have *no liberty interest in discretionary relief*, and there can be no prejudice unless judicial review would have yielded him relief from deportation." *Hernandez-Perdomo*, 948 F.3d 813–14 (cleaned up) (emphasis added).

Garcia contends that if his removal hearing had occurred after the Seventh Circuit reversed his convictions, he would have been eligible for voluntary departure under 8 U.S.C. § 1225(a)(4). Furthermore, he asserts in his reply brief that he also would have been eligible for cancellation of removal under 8 U.S.C. § 1229(b). Yet even if Garcia would have satisfied the statutory requirements for either or both of these forms of relief, the Seventh Circuit has held that both voluntary departure and cancellation of removal are discretionary forms of relief from removal that cannot support a claim of violation of due process rights. *See Arita-Campos*, 607 F.3d at 493 ("Yet the only deprivation of due process alleged by Arita-Campos is that he was unable to seek voluntary departure. Because availability of voluntary departure is a

8

discretionary decision, Arita-Campos has not shown a due process violation.") (internal citation omitted); *United States v. Alegria-Saldana*, 750 F.3d 638, 642 (7th Cir. 2014) (An "incorrect aggravated felony determination that deprived [the defendant] of the opportunity to apply for discretionary relief"—including cancellation of removal—did not satisfy § 1326(d)(3) because "failure to consider an alien for *discretionary* relief does not violate due process and thus is not fundamentally unfair.") (emphasis in original); *Perez-Perez v. Wilkinson*, 988 F.3d 371, 376 (7th Cir. 2021) (Cancellation of removal is a "form[] of discretionary relief which the Board can deny even if [the petitioner] presents a prima facie case for relief."). As a result, Garcia's inability to seek either form of relief is insufficient to establish that his removal proceedings were fundamentally unfair.

Because judicial review would not have yielded him relief from deportation, Garcia has failed to demonstrate that his removal proceedings were fundamentally unfair within the meaning of 8 U.S.C. § 1326(d)(3).

## Conclusion

For foregoing reasons, the Court denies the defendant's motion to dismiss the indictment [dkt. no. 32].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 31, 2023